UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT WAYNE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | No. CV-10-123-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 13, 16.) Attorney Jeffrey Schwab represents plaintiff; Special Assistant United States Attorney Jordan D. Goddard represents defendant. The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** plaintiff's Motion for Summary Judgment and **GRANTS** defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Robert Wayne Smith (plaintiff) protectively filed for disability insurance benefits (DIB) on August 9, 2006. (Tr. 116.) Plaintiff alleged an onset date of August 9, 2006. (Tr. 116.) Benefits were denied initially and on reconsideration. (Tr. 74, 77.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before R.J.Payne on May 12, 2009. (Tr. 35-69.) Plaintiff was represented by counsel and testified at the hearing. (Tr.43-68.) Medical expert Anthony Francis, M.D., also testified. (Tr.36-43.) The ALJ denied benefits. (Tr. 19-27) The Appeals Council granted review and affirmed all of the ALJ's findings, but excluded the ALJ's comments regarding

1  vocational expert testimony from prior hearings. (Tr. 4-5, 8.)

2      Jurisdiction to review the Secretary's decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides for review only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g) (1988). When the Appeals Council denies review of claim, the ALJ's decision is a final decision subject to review. *Sims v. Apfel*, 530 U.S. 103, 106 (2000); *Osenbrock v. Apfel*, 240 F.3d 1157, 1160 (9th Cir. 2001); *McCarthy v. Apfel*, 221 F.3d 1119, 1122 (9th Cir. 2000). However, when the Appeals Council reviews a claim, the Appeals Council decision is the final decision under § 405(g). *See Sousa v. Callahan*, 143 F.3d 1240, 1242 n. 3 (9th Cir. 1998); 20 C.F.R. §§ 404.981, 422.210(a). Thus, this court has jurisdiction over the February 26, 2010 decision of the Appeals Council, which is the final decision of the Commissioner. The court does not have jurisdiction to review the decision of ALJ Payne, which in this case is not a final decision of the Secretary. However, because the Appeals Council adopted the ALJ's findings and conclusions with one minor exception, and because the parties referenced the ALJ's decision in summary judgment briefing, this decision refers to the ALJ's decision and findings rather than the decision of the Appeals Council for ease of understanding and clarity.

**STATEMENT OF FACTS**

    The facts of the case are set forth in the administrative hearing transcripts, the ALJ decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

    Plaintiff was 51 years old at the time of the hearing. (Tr. 43.) He graduated from high school and has an associate's degree in auto tech as well as two years of vocational training to become a machinist. (Tr. 43-44.) He also has a truck driver's license. (Tr. 44.) Plaintiff has work experience as a cabinet installer and as a machinist. (Tr. 156-57.) He sustained a back injury while working in 2004. (Tr. 196.) Plaintiff testified he cannot work because he cannot get out of bed two or three days per week. (Tr. 46.) He testified his lower back causes so much pain his legs will not hold him up. (Tr. 46.) He uses a cane. (Tr. 48.) He has three or four migraines per month and also has irritable bowel syndrome. (Tr. 46, 49.) Plaintiff experiences numbness in his extremities and has had problems with loss of bowel and bladder control. (Tr. 53-54.) Plaintiff also takes medication for depression. (Tr. 434.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff did not engage in substantial gainful activity since the alleged onset date of August 9, 2006. (Tr. 21.) At step two, he found Plaintiff has the following severe impairments: scoliosis with lumbar and thoracic spine pain and irritable bowel syndrome. (Tr. 21.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 22.). The ALJ then determined:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can only occasionally stoop or crouch, and never climb ladders, ropes, or scaffolds. He should also avoid concentrated exposure to hazards.

(Tr. 23.) At step four, the ALJ found plaintiff is unable to perform past relevant work. (Tr. 25.) After considering plaintiff's age, education, work experience and residual functional capacity, the ALJ determined there are jobs existing in significant numbers in the national economy that plaintiff could perform. (Tr. 26.) As a result, the ALJ concluded plaintiff was not under a disability, as defined in the Social Security Act, at any time from August 9, 2006 through the date of the decision. (Tr. 26.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) improperly considering the psychological evidence and not finding a severe mental impairment; and (2) accepting the testimony of the medical expert. (ECF No. 14 at 3-8.) Defendant argues the ALJ: (1) properly found plaintiff's depression was not severe; and (2) properly relied on the opinion of the medical expert. (ECF No. 17 at 7-13.)

**DISCUSSION**

**1.     Step Two and Psychological Evidence**

Plaintiff argues the ALJ erred by not considering his mental impairments severe. (ECF No. 14 at 4.) At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28. In *Bowen v. Yuckert*, the Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28. 482 U.S. 137, 153-54 (1987). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

work setting." *Id.* Even where non-severe impairments exist, these impairments must be considered in combination at step two to determine if, together, they have more than a minimal effect on a claimant's ability to perform work activities. 20 C.F.R. § 416.929. If impairments in combination have a significant effect on a claimant's ability to do basic work activities, they must be considered throughout the sequential evaluation process. Id. As explained in the Commissioner's policy ruling, "medical evidence alone is evaluated in order to assess the effects of the impairments on ability to do basic work activities." S.S.R. 85-28. Thus, in determining whether a claimant has a severe impairment, the ALJ must evaluate the medical evidence.

The psychological evidence in this case is somewhat limited. Plaintiff received prescriptions for the antidepressant Paxil throughout the record, and in 2009 reported having taken Paxil for 10 years. (Tr. 434.) In November 2006, Dr. Genthe examined plaintiff and prepared a psychological assessment. (Tr. 263-66.) Dr. Genthe diagnosed depressive disorder due to underlying medical problem and assessed a GAF of 60.[1] Dr. Genthe noted plaintiff's symptoms do not meet the criteria for clinical depression or adjustment disorder because his emotional state does not appear to be excessive compared with his medical problems and because his depression is secondary to medical problems. (Tr. 263.) Dr. Genthe reported normal mental status, but opined that because of pain and cognitive difficulties secondary to treatment with pain medication, plaintiff "will likely experience periods when he is functioning minimally." (Tr. 263.)

Shortly thereafter, Dr. Beaty, a state reviewing psychologist, concluded plaintiff's depression is a medically determinable impairment but is not severe. (Tr. 267.) Dr. Beaty's opinion was based in part on Dr. Genthe's notes that plaintiff does not meet the criteria for depressive disorder, that depression is secondary to plaintiff's medical problems, and that plaintiff's mental status is normal. (Tr. 279.)

The only other psychological assessment in the record is the opinion of Dr. Fishburne, who examined plaintiff in March 2009. (Tr. 433-37.) Dr. Fishburne diagnosed major depressive disorder, recurrent, moderate to severe without psychotic features and assessed a GAF of 50-55. (Tr. 436.) Dr.

---

[1] A GAF score of 51-60 indicates moderate symptoms or any moderate impairment in social, occupational or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

Fishburne administered the Beck Depression Inventory (BDI-II) and plaintiff scored a 38, which falls into the severe category and indicates a clinically significant amount of depressive symptomology. (Tr. 435.) Dr. Fishburne opined that plaintiff's history of depression is best described as dysthymic disorder, a low-grade but clinically significant level of depression, while his current level of depression is severe (Tr. 436.)

The ALJ considered Dr. Genthe's report in determining that plaintiff's depression is not severe. (Tr. 22.) The ALJ noted that Dr. Genthe opined plaintiff did not meet the criteria for clinical depression or adjustment disorder, and that plaintiff's depression seemed to be secondary to his medical problems. (Tr. 22.) The ALJ pointed out that plaintiff told Dr. Genthe his depression was mostly under control and he had never received any mental health counseling. (Tr. 22.) The ALJ also considered Dr. Beaty's opinion that plaintiff's depression was not severe. (Tr. 22.) The ALJ found that plaintiff has some mild mental problems with depression possibly related to his medical condition, but that depression does not cause significant limitations in plaintiff's ability to perform basic work activities. (Tr. 22.) The ALJ rejected the opinion of Dr. Fishburne because his opinion was based primarily on plaintiff's subjective report of symptoms and because he did no objective testing. (Tr. 25.) The ALJ therefore concluded plaintiff has no severe mental impairments. (Tr. 22.)

Plaintiff argues the ALJ improperly rejected Dr. Fishburne's opinion. (ECF No. 14 at 4.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir.

1995); *Fair*, 885 F.2d at 604. Dr. Fishburne is an examining psychologist, and his opinion that plaintiff's symptoms are severe is contradicted by the opinion of Dr. Beaty, who concluded that plaintiff's depression is not a severe impairment. As a result, the ALJ was required to provide specific, legitimate reasons supported by substantial evidence to justify rejection of Dr. Fishburne's opinion.

The ALJ observed that Dr. Fishburne's conclusions are based heavily on plaintiff's subjective report of symptoms and limitations and that Dr. Fishburne did no objective testing. (Tr. 25.) A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair*, 885 F.2d at 604. A medical opinion may also be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Here, the ALJ made a properly supported negative credibility finding which is not challenged by plaintiff.[2] (Tr. 24.) To the extent Dr. Fishburne relied on

---

[2] In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 4416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair*, 885 F.2d at 601. The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas*, 278 F.3d at 958. The ALJ considered a number of relevant factors in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

plaintiff's self-report, the ALJ justifiably rejected the opinion.

Plaintiff argues the ALJ incorrectly read Dr. Fishburne's report as relying upon plaintiff's subjective complaints. (ECF No. 14 at 4.) Plaintiff notes that Dr. Fishburne administered the BDI-II in order to quantify depressive symptoms, while Dr. Genthe did not administer a written test to define plaintiff's reported symptoms. (Tr. 435.) However, as observed by defendant and noted by Dr. Fishburne, the BDI-II is a "self-report inventory" of depression symptoms. (ECF No. 17 at 9, Tr. 435.) While the BDI-II does provide a method of quantifying depression symptoms, it is based upon the individual's own report. As suggested by the ALJ, if the self-report is not credible, the results of the BDI-II are not particularly valuable. Other factors considered by Dr. Fishburne in addition to the BDI-II results included behavioral observations, plaintiff's reported psychosocial history, medical history as reported by plaintiff, and a client interview. (Tr. 433-35.) These factors are all based on plaintiff's reporting or behavior which has been properly determined by the ALJ to be not credible. As a result, Dr. Fishburne's conclusions based on those factors may be properly rejected by the ALJ. The ALJ's reasons for rejecting Dr. Fishburne's report are specific, legitimate, and supported by substantial evidence.

Plaintiff also argues the ALJ improperly considered Dr. Genthe's opinion. (ECF No. 14 at 5.) Plaintiff points out that Dr. Genthe acknowledged plaintiff is depressed and suggested medication management by a psychiatrist. (Tr. 263.) Plaintiff asserts Dr. Genthe "clearly" believes plaintiff's pain is responsible for his depression and this interferes with his ability to function in the work place.[3] (ECF No. 14 at 5.) It is the ALJ's duty to resolve conflicts and ambiguity in the medical and non-medical

---

assessing plaintiff's credibility, none of which are challenged by plaintiff. (Tr. 24.) The ALJ considered plaintiff's daily activities, the effects of possible addiction to narcotic pain medication, inconsistency between plaintiff's complaints inconsistent with his abilities, treating source opinions indicating plaintiff could do light work, and other factors in finding plaintiff not credible. (Tr. 24.) These are clear and convincing reasons supported by substantial evidence which support the negative credibility finding.

[3]Plaintiff asserts Dr. Genthe found that plaintiff has a "severely depressed mood." (ECF No. 14 at 5.) This statement is not supported by the record as Dr. Genthe does not use the term "severe" or describe a "severely depressed mood" in his report. (Tr. 263-66.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

evidence. *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999). It is not the role of the court to second-guess the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ's view of Dr. Genthe's report is supported by the contents of the report and other evidence in the record. While Dr. Genthe stated plaintiff "will likely experience periods when he is functioning minimally," he did not specifically describe an impact on work-related activities. (Tr. 263.) This statement does not, as defendant suggests, indicate any specific level of limitation with respect to the workplace. (Tr. 263.) However, Dr. Genthe mentioned plaintiff's mental status is normal and his depression is controlled with medication. (Tr. 263-64.) Dr. Genthe opined plaintiff's symptoms do not meet the criteria for clinical depression and assessed a GAF of 60, indicating moderate symptoms. (Tr. 263.) The ALJ's finding that plaintiff has some problem with depression related to his back problems but not causing significant limitations in the ability to do work-related activities is consistent with Dr. Genthe's findings. The ALJ's finding is also supported by the opinion of the reviewing psychologist, Dr. Beaty, who reviewed Dr. Genthe's report. While plaintiff may prefer a different interpretation of Dr. Genthe's opinion, the ALJ's interpretation is reasonable and supported by substantial evidence.

Lastly, plaintiff notes that the record reflects plaintiff takes medication for depression and argues that plaintiff's depression is therefore severe within the meaning of step two. (ECF No. 14 at 6.) The court finds no authority for this proposition; to the contrary, as pointed out by defendant, an impairment effectively controlled with medication is not disabling. *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Dr. Genthe noted plaintiff reported medication evens out his mood and his depression is more or less controlled. (Tr. 264.) This suggests plaintiff's depression would have no more than a minimal impact on plaintiff's ability to work, consistent with the ALJ's conclusion that plaintiff's depression is not a severe impairment at step two. Thus, the ALJ did not err by failing to find plaintiff's depression is a severe impairment.

**2.      Medical Expert Testimony**

Plaintiff argues the testimony of the medical expert, Dr. Francis, was equivocal and "absolutely no help in this case." (ECF No. 14 at 7-8.) Presumably, plaintiff intended to argue the ALJ improperly

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

relied on the opinion of Dr. Francis, although plaintiff does not specifically mention any error by the ALJ with respect to Dr. Francis' opinion.[4]  (ECF No. 14 at 7-8.)  The ALJ noted that Dr. Francis concluded the evidence does not support a finding that plaintiff's physical impairments meet a listing.  (Tr. 22-23.) The ALJ gave weight to Dr. Francis' opinion and pointed out that Dr. Francis opined that there are no objective abnormalities to support the level of pain alleged by plaintiff.  (Tr. 25, 36-37.)  It was noted by Dr. Francis that plaintiff continues to smoke despite the fact that smoking is associated with chronic pain syndrome.  (Tr. 25, 38, 62.)  Dr. Francis testified that plaintiff's use of narcotic pain medication could be contributing to the pain problem because medications can amplify perception of pain.  (Tr. 25, 40.) Dr. Francis opined that plaintiff should be able to perform sedentary to light work on a regular full-time basis.  (Tr. 39.)  As observed by the ALJ, this is consistent with other medical opinions in the record, including the opinions of Dr. Tolley, a treating phsyician, treating PA-C Aronsohn, and Dr. Gaffield, an examining physician.  (Tr. 261, 289-92, 300, 301, 304, 308.)

Plaintiff complains about two specific statements made by Dr. Francis.  First, plaintiff points out that after discussing the orthopedic findings, Dr. Francis stated, "So I don't know why he's having pain." (Tr. 40.)  However, that statement followed Dr. Francis' explanation that there are no objective findings which explain plaintiff's pain.  (Tr. 39-40.)  Dr. Francis noted it may be impossible to determine why plaintiff has pain and that plaintiff's use of narcotics as pain medicine may amplify his perception of pain. (Tr. 40.)  Plaintiff argues this is of "no help," but the ALJ reasonably interpreted this testimony to indicate no objective abnormalities support the level of pain alleged by plaintiff.  (Tr. 25.)  As noted *supra*, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence.  *See Morgan*, 169 F.3d at 599-600; *see also Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  The ALJ's interpretation of Dr. Francis' testimony is supported the notes of plaintiff's treating physician, physician's assistant, and examining physician who all considered plaintiff's pain symptoms and concluded that plaintiff could

---

[4]Notably, plaintiff's request for relief requests remand to obtain additional expert testimony, "most likely that of a psychologist and also a vocational expert" to consider plaintiff's mental impairment, but does not seek additional medical expert testimony despite complaints that Dr. Francis' testimony was inadequate.  (ECF No. 14 at 8.).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

perform light work. (Tr. 24.) Thus, there was no error by the ALJ in considering Dr. Francis' testimony.

Plaintiff also complains that when Dr. Francis was asked if a person with chronic pain who returned to work might have situations arise where they would have trouble completing a normal workday or possibly even showing up for work because of periodic or intermittent exacerbations of their experience, Dr. Francis responded, "Speaking as a group that sort of situation is observed, however, I have no way of specifically saying that would apply to this patient." (Tr. 41-42.) Plaintiff interprets this statement to mean that Dr. Francis did not know how to evaluate the impact of plaintiff's pain on his ability to function at work. (ECF No. 14 at 8.) Because Dr. Francis opined that plaintiff should be able to perform sedentary to light work on a full-time basis after considering the impact of plaintiff's chronic pain, the more reasonable interpretation is that Dr. Francis saw no evidence in the record indicating plaintiff would be affected to such a degree by chronic pain. This is consistent with the ALJ's findings and with the findings of plaintiff's medical providers.

Even if Dr. Francis' testimony is equivocal or unhelpful, the ALJ properly considered the testimony in making his findings. It is the ALJ's responsibility to consider equivocal testimony of an expert witness along with other evidence and medical opinions in reaching his conclusions. *See Magallenes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989). It is not necessary for an ALJ to agree with everything an expert witness says in order to conclude the testimony constitutes substantial evidence. *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988). Ultimately, Dr. Francis testified that he saw nothing in the record to cause him to believe that plaintiff could not perform light work. (Tr. 38-39, 43.) In weighing Dr. Francis' opinion, the ALJ appropriately considered the supporting evidence that no treating or examining provider opined that plaintiff cannot work. (Tr. 25); *see Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). The ALJ's interpretation of the evidence is reasonable and is supported by the record. The court must uphold the ALJ's decision when it is not based on legal error and is supported by substantial evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). The ALJ properly considered Dr. Francis' opinion in finding plaintiff not disabled.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1.Defendant's Motion for Summary Judgment **(ECF No. 16)** is **GRANTED.**

2.Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED June 3, 2011

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14